*Wang v. Sessions*

BIA
Sichel, IJ
A200 749 579

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand eighteen.

PRESENT:
    Robert A. Katzmann,
        *Chief Judge*,
    Guido Calabresi,
    Denny Chin,
        *Circuit Judges.*

_____

ZHIYONG WANG,
        *Petitioner*,

    v.                                      **16-3009**
                                            NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Mouren Wu, Law Office of Mouren
                       Wu, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Terri J.
                       Scadron, Assistant Director; Wendy

Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Zhiyong Wang, a native and citizen of the People's Republic of China, seeks review of an August 18, 2016, decision of the BIA affirming a May 7, 2015, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiyong Wang,* No. A 200 749 579 (B.I.A. Aug. 18, 2016), *aff'g* No. A 200 749 579 (Immig. Ct. N.Y. City May 7, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162,

2

165 (2d Cir. 2008) (per curiam).

In making an adverse credibility determination, the agency may rely on inconsistencies and omissions in an asylum applicant's statements and other record evidence; however, the "totality of the circumstances" must support the determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. The IJ here based its adverse credibility determination on two omissions by Wang, one involving whether police officers "beat up" or "pushed" his mother, and another regarding whether the police summoned Wang for questioning after his two arrests. App. 3. These two omissions, however, are insufficient to establish an adverse credibility determination under the totality of the circumstances. Wang has submitted letters from his neighbor in China stating that he "was aware of [Wang's] two arrests for practicing [Buddhism]" and that the police are continuing to "question[] for information about him," *id.* at 82, a letter from his father stating that after Wang left China "the police never gave up looking for him," *id.* at 84, and a letter from his cousin stating that Wang had been arrested twice in China for practicing Buddhism and that police "are still seeking

3

his person," *id.* at 86. The letters strongly support Wang's claims, and there is no evidence in the record that the letters are false, fraudulent, or otherwise should not be believed.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4